```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


LOYOLA UNIVERSITY NEW                         CIVIL ACTION
ORLEANS


VERSUS                                        NO: 05-6315


MARY MCMEANS                                  SECTION: "J" (1)
```

### ORDER AND REASONS

Before the Court is plaintiff's **Motion to Remand**. (Rec. Doc. 7). The motion is opposed. (Rec. Doc. 9). Having considered the record, the memoranda of counsel, and the applicable law, the Court finds that the motion should be GRANTED.

### BACKGROUND

Plaintiff, Loyola University New Orleans, filed suit in state court to recover from defendant, Mary McMean, the debt owed on a promissory note issued pursuant to the Federal Perkins loan program. Defendant filed a Notice of Removal in this Court based on the federal-question jurisdiction of 28 U.S.C. § 1331. Defendant filed an answer. Plaintiff's Motion for Remand followed.

**DISCUSSION**

A.   *Legal Standard for Removal Jurisdiction*

Statutes conferring removal jurisdiction are strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (per curiam); *Willy*, 855 F.2d at 1164. In determining whether federal-question jurisdiction exists the plaintiff is the "master of his claim," and the plaintiff's "well-pleaded complaint" determines whether a cause of action arises under federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Generally, a case "arises under" the law that creates the cause of action, although there is a "narrow exception" affording federal jurisdiction when a state cause of action requires the resolution of a "substantial question of federal law." *Willy*, 855 F.2d at 1168 (quoting *Oliver v. Trunkline Gas Co.*, 796 F.2d 86, 88-89 (5th Cir. 1986). However, "'the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" *Id.* (quoting *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986)).

*B.    Application of the Law to Plaintiff's Claim*

Plaintiff's cause of action to collect on a promissory note arises under state law. It involves a private lender and a private borrower. The obligations and liabilities pursuant to the promissory note will be determined by state law and do not "involve a right that 'will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another.'" *Inter-American University of Puerto Rico v. Concepcion*, 716 F.2d 933, 934 (1st Cir. 1983) (quoting *Gully v. First National Bank in Meridian*, 299 U.S. 109, 112 (1936).). The federal character of the Perkins loan program does not suffice to create a substantial federal question where it does not create the cause of action. *See id.*

Although the complaint seeks to recover costs and attorney's fees pursuant to the Higher Education Act (HEA), 20 U.S.C. § 1091a, the mere presence of this federal issue does not create federal jurisdiction over the state cause of action. A federally created right to seek attorney's fees is ancillary to the cause of action, and cannot by itself create federal jurisdiction. *See N. Carolina Dept. Transp. v. Crest Street Comm. Council*, 479 U.S. 6 (1986).

Accordingly,

**IT IS ORDERED** that plaintiff's **Motion to Remand** (Rec. Doc. 7) is **GRANTED** and that the above captioned case is remanded to the court from which it was removed.

New Orleans, Louisiana this the 3rd day of February, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE